UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KYLE BENJAMIN CORNELIUS,<br><br>Defendant. | Case No. 3:23-cr-00084-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Kyle Cornelius' Motion for Review of Detention Order. Dkt. 25. On June 27, 2023, the Court held a hearing on the motion. The Defendant called his mother, Derry Day, as a witness. The Government did not call any witnesses.

Having heard the testimony and argument of counsel, the Court orally affirmed the decision to detain Cornelius pending trial. The Court indicated that a written decision would follow the hearing. This is that written decision. For the reasons set forth below, the Court affirms the detention order imposed by Chief Magistrate Judge Raymond E. Patricco at the detention hearing on April 17, 2023.

## II. BACKGROUND

Cornelius is charged in an Indictment (Dkt. 1) with unlawful possession of firearms, in violation of 18 U.S.C. § 922(g)(1). Under this section, a sentence of not more than fifteen (15) years can be imposed. Cornelius was arrested on March 23, 2023, and went before

MEMORANDUM DECISION AND ORDER - 1

Chief Magistrate Judge Raymond E. Patricco for a detention hearing on April 17, 2023. Dkt. 18. At the hearing, Judge Patricco ordered Cornelius detained pending trial on the grounds of risk of nonappearance and safety to the community. *See* Detention Order, Dkt. 19. Cornelius seeks review of the detention order pursuant to 18 U.S.C. § 3145(b).

### III. LEGAL STANDARD

The Defendant's Motion is brought pursuant to 18 U.S.C. § 3145(b), which provides that "if a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of that order." An appeal from a detention order, "is governed by the provisions of section 1291 of title 28 and section 3731 of this title." 18 U.S.C. § 3145(c). Further, "[t]he appeal shall be determined promptly." *Id.*

Review of a magistrate judge's detention order is de novo, but the district court "is not required to start over in every case, and proceed as if the magistrate's decision and findings do not exist." *United States v. Koenig*, 912 F.2d 1190, 1191-92 (9th Cir.1990). The district court must make its own independent determination on the correctness of the magistrate's findings without deference to those findings. *Id*. In aid of that determination, the district court may conduct an evidentiary hearing whether or not new evidence is offered that was not before the magistrate. *Id*. at 1193.

### IV. DISCUSSION

The Bail Reform Act, 18 U.S.C. § 3142, requires the release of a person pending trial unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the

MEMORANDUM DECISION AND ORDER - 2

community . . . ." 18 U.S.C. § 3142(e)(1). Thus, the statutory presumption is first in favor of release on personal recognizance or on "an unsecured appearance bond in an amount specified by the court." 18 U.S.C. § 3142(b); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

Judge Patricco found there was clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community or reasonably assure the defendant's appearance as required. *See generally* Dkt. 19.

After considering the evidence in the record, and that presented at the recent hearing, the Court independently concludes detention is appropriate at this time.

## 1. Risk of Non-Appearance

First, the Court turns to Cornelius' risk for non-appearance. While the Court agrees with Judge Patricco that Cornelius is unlikely to flee the jurisdiction, his history of failures to appear are concerning. Defense counsel argues there are conditions that can be imposed to help alleviate the Court's concern such as location monitoring or a nightly curfew. The Government argues that Cornelius' history suggests that even when conditions are imposed on him, they have been disregarded in the past. The Court agrees that an ankle monitor goes a long way in resolving the risk of not appearing. However, an ankle monitor can be cut off. Imposing a curfew, while also helpful, can still be broken if someone is not closely monitoring the person to know if he abides by it. For these reasons, the Court finds that there are no conditions or combination of conditions that will reasonably assure appearance in this matter given the Defendant's conduct while on prior supervision.

MEMORANDUM DECISION AND ORDER - 3

## 2. Safety of Community

The Court's bigger concern is the safety of the community. While section 922(g) does not generate the presumption of detention, the Court cannot ignore the criminal history of Cornelius and the alleged crime itself. Cornelius argues that " . . . even though the offense is serious, we are not to assume that there is an 'identified and articulable' threat to the community." *See* Dkt. 25, at 8. The Government argued that while Cornelius's two-year hiatus of committing crimes is commendable, he finds himself once again facing a felon in possession of a firearm charge.

Among other crimes, Cornelius was previous convicted of multiple burglaries, providing false information to law enforcement, and possessing a firearm. Currently, Cornelius is charged with allegedly breaking into a deceased person's home and drilling open a safe to gain access to multiple firearms. While some of those firearms have been recovered, some are still not accounted for. The similarities between these incidents are striking. More concerning, however, is the fact that Cornelius committed many of past crimes *while on some type of supervised release*. Thus, supervision has not deterred him. There is no indication that, were the Court to put Cornelius on pre-trial supervision, his behavior would be any different. To protect the community, it is best for him to be incarcerated at this time.

## 3. Medical issue

Finally, the Court addresses the medical issue put forth by Cornelius in his letter to the Court. Cornelius states that shortly before he was arrested on this charge, he was in a car accident that resulted in an injury to his knee. Due to his incarceration, he alleges his

MEMORANDUM DECISION AND ORDER - 4

injury has gotten worse and will likely need surgery.[1] Further, he avers continued incarceration will exacerbate the injury and, by releasing him, he can seek the surgery and physical therapy needed.

The Government argues that a temporary furlough to have Cornelius assessed or gain urgent medical assistance that he cannot get in the jail is the best way to address this issue—if it is even an issue to begin with. The Court agrees.

First, the Court has not been presented with any concrete medical evidence or documentation of this injury. It does not know what, if anything, needs to be done. Second, jail officials and medical staff are equipped to deal with medical conditions. There is no indication Cornelius cannot receive adequate care from this facility at this time for this ailment. Finally, should the need for more specialized care arise, Cornelius can request a furlough. Thus, the need for medical assistance is not a reason to release Cornelius at the current juncture.

## V. CONCLUSION

Having reviewed the issue of detention pending trial de novo, and having considered the proffered reasons for release, the Court makes its own independent determination of the facts and concludes the Government has overcome the statutory presumption in this case. To ensure Cornelius appears for all pre-trial matters and the community remains safe, the Court finds detention is appropriate and affirms the decision of Judge Patricco.

---

[1] The Court was not provided any medical records to substantiate this injury or the need for surgery. While the Court has no reason to doubt that Defendant was in an accident, the submission of medical records would help make the argument that there is an injury that requires surgery stronger.

MEMORANDUM DECISION AND ORDER - 5

## VI. ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion for Review of Detention Order (Dkt. 25) is DENIED. The Court affirms the detention order imposed by Chief Magistrate Judge Raymond E. Patricco at the detention hearing held on April 17, 2023.

DATED: July 3, 2023

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6